Jeffrey S. Allison
Nevada Bar 8949
HOUSER & ALLISON
A Professional Corporation
9970 Research Drive
Irvine, California 92618
Telephone: (949) 679-1111
Facsimile: (949) 679-1112

Stephanie Cooper-Herdman
Nevada Bar No. 5919
THE COOPER CASTLE LAW FIRM, LLP
820 South Valley View Boulevard
Las Vegas, Nevada 89107
Phone: (702) 435-4175
Fax: (702) 877-7424

Attorneys for Defendants AURORA LOAN SERVICES LLC, erroneously sued herein as AURORA LOAN SERVICES; and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., erroneously served herein as MORTGAGE ELECTRONIC REGISTRATION SERVICES, INC.

E-filed 3/30/09

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| JUAN VAZQUEZ, an individual<br>GABRIELA SOTO, an individual<br><br>Plaintiff,<br><br>v.<br><br>AURORA LOAN SERVICES, QUALITY LOAN SERVICE CORP FIDELITY NATIONAL DEFAULT SOLUTION., MORTGAGE ELECTRONIC REGISTRATION SERVICES, INC., And DOES 1 through 50, inclusive,<br><br>Defendant(s). | CASE NO:  2:08-CV-01800-RCJ-RJJ<br><br>HON. ROBERT C. JONES<br><br>**ORDER GRANTING<br>MOTION TO DISMISS COMPLAINT** |

Defendants AURORA LOAN SERVICES LLC ("Aurora") and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. ("MERS"), collectively "Defendants," filed and served their Motion to Dismiss Complaint on December 29, 2008, and the matter came on regularly for hearing pursuant to the notice by the Court on March 23, 2009 at 9:00 a.m., with no

---

**[PROPOSED] ORDER**
1

1  appearance by or on behalf of Plaintiffs and appearances on behalf of Defendants as noted on the
2  record.
3        The Motion was brought pursuant to <u>Federal Rule of Civil Procedure</u> 12(b)(6) for
4  failure to state a claim upon which relief can be granted against Defendants.  The Motion was
5  based upon the Notice of Motion, the Memorandum of Points and Authorities, Request for
6  Judicial Notice including matters upon which judicial notice was requested and/or proper, and
7  upon all pleadings and documents filed with this Court.
8        Pursuant to the Notice of Motion, the Court's Notice of Electronic Filing, and this
9  Court's Minute Order dated December 29, 2008, any response to the Motion was to be filed
10 and served within 15 days, i.e. by no later than January 16, 2009.  Local Rule 7-2(b).  As
11 provided in the Court's Minute Order, "The failure to file points and authorities in response to
12 any motion shall constitute a consent to the granting of the motion.  Local Rule 7-2(d).  The
13 Court may then grant the motion and dismiss the non-moving party's claims."
14       The Court having considered the moving papers, its own files, and good cause
15 appearing, and having granted said Motion rules as follows based on the grounds as set forth
16 therein:
17     1.    No response or opposition to the Motion was timely filed and served pursuant to
18 Local Rule 7-2(b).  The Court may grant the motion to dismiss without a hearing where a local
19 rule provides that a party failing to file a timely opposition is deemed to waive any objection to
20 the motion.  <u>Ghazali v. Moran</u>, 46 F.3d 52, 53 (9th Cir. 1995).  Accordingly, pursuant to the
21 grounds set forth in the Motion:
22     2.    The first claim for wrongful foreclosure fails.  The loan documents and
23 foreclosure notices recorded in the Official County Records sufficiently demonstrate standing by
24 Defendants with respect to the loan and the foreclosure conducted pursuant to applicable law

**[PROPOSED] ORDER**
2

and Nevada foreclosure statutes. N.R.S. §§ 107.080 *et. seq.* The recitals in the recorded trustee's deed upon sale following its completion confirm that the foreclosure was properly noticed and completed pursuant to Nevada law. N.R.S. § 107.030(a).

3. The second and third claims for negligence fail against Defendants. The second claim is not asserted against these Defendants. As to the third claim, neither Aurora nor MERS were the broker or lender of Plaintiffs' conventional home mortgage loan. Moreover, neither owes the alleged negligence duty as a matter of law. The elements of the claim cannot be stated against Defendants.

4. The fourth claim for quiet title fails as a matter of law. As established, no claim can be stated for wrongful foreclosure and there is no basis to quiet title to the subject property back into Plaintiffs.

**IT IS THEREFORE ORDERED** that the Defendants' Motion to Dismiss is GRANTED and judgment of dismissal shall be entered in favor of Defendants with prejudice.

DATED: __April 20, 2009__, 2009        _____
                                        UNITED STATES DISTRICT JUDGE

Respectfully submitted by,

HOUSER & ALLISON
A Professional Corporation

_/s/ Jeffrey S. Allison_____
Jeffrey S. Allison

Attorney for Defendant AURORA LOAN
SERVICES LLC and MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC.

# CERTIFICATE OF MAILING

I hereby certify that I am over the age of eighteen (18), that I am not a party to this action, and that on this date I caused to be served a true and correct copy of the following documents:

**[PROPOSED] ORDER GRANTING MOTION TO DISMISS COMPLAINT**

By:   X   U.S. Mail

    ___ Facsimile transmission
    ___ Overnight Mail
    ___ Hand and/or Personal Delivery

and addressed to the following:

Juan Vazquez
Gabriella Soto
1825 Navajo Lake Way
Las Vegas, NV 89128

*Plaintiffs, In Pro Se*

Kristin A. Schuler-Hintz
McCarthy Holthus, LLP
811 South Sixth Street
Las Vegas, NV 89101
(702) 685-0329
(866) 339-5691

*Attorneys for Defendant QUALITY LOAN SERVICE CORPORATION*

Dated: March 30, 2009

_____
An employee of HOUSER & ALLISON, APC